It would seem that the general term of the Supreme Court arrived at a clearly correct conclusion, in holding the weight of evidence to be that Adams, the engineer, was competent; so that there was on the part of the Company and its superintendent, no negligence in employing him as an engineer, or in assigning to him the duty of taking charge of this particular train. That court might have gone still further and held that by the evidence he was plainly competent, but that he was proved to have been angry at what he considered an extra duty, and that in his passion he was careless and did not take proper care in approaching a station where he knew he was to meet a train, and where he was told to be ready to stop as that train might not be on time. Viewing this as the undoubted state of the evidence, not varied by the testimony of Adams, the question of his competency as well as that of the negligence of the Company in employing him was improperly left to the jury.
In the court below nothing prevented their coming to this conclusion, but considering the question of the proper making *Page 573 
up of the time table, as being connected with the question of the engineer's competency. The two questions are entirely independent of each other. And though want of care as to the time table might furnish a cause of action against the defendant, it would have no bearing on the question of want of care in selecting an engineer.
Again, there can be no doubt that the suffering of the plaintiff by the second breaking of his leg, and the condition of his leg and the permanency of the injury, after such second breaking, could form no part of the considerations upon which the jury were to award damages. Yet proof on those points was admitted against the defendant's objection and under an exception. The answer of the general term to this exception is very ingenious, and if consistent with the state of the case, possibly sound. Had the evidence been admitted for the purpose of discriminating between so much of the injury as was caused by the first breaking, and so much of it as was caused by the second, it would have been perhaps barely admissible, although it may well be doubted whether such discriminating process could, by any possibility, be anything but merely uncertain speculation. Still, the answer is, that on the offering of the evidence, no such ground for admitting was ever suggested, nor was any such discrimination hinted at in the charge to the jury. The evidence was admitted in the case generally, and the charge left it, with the other evidence in gross, to the jury.
As much stress is laid upon the making up of the time-table, it may be well to suggest, that ordinarily, the time set down in the table opposite the name of a station, is the time for leaving that station; so that finding the same minute noted for two trains at the same station, does not mean that they are to arrive at the station at the same instant, but that they are to leave it at the same instant, when, being on different tracks, there can be no danger of a collision. This, however, can be corrected in a new trial, which should be had.
The judgment should be reversed. *Page 574 
DAVIES and WRIGHT, Js., concurred; DENIO, Ch. J., concurred, except as to the evidence in reference to the condition of the plaintiff's leg after the second fracture, which he thought was competent. SUTHERLAND and SMITH, Js., dissented; SELDEN, J., did not sit in the case.
Judgment reversed, and new trial ordered.